POLEN, J.
This appeal arises from the entry of a non-final order granting a motion to dismiss based on forum non conveniens. Appellant, Rubin Daviran, raises two issues on appeal. Because we agree with his first argument and reverse the order of the trial court on that basis, we need not reach the second issue.
Daviran first contends the trial court erred in signing, without change, the proposed order submitted by Defendant, Ni-trotec. As evidenced in the briefs submitted to this court by all parties in this case, the parties do not dispute that after the hearing on this motion, the trial judge’s judicial assistant contacted the parties, advised them that the trial judge was going to reserve ruling on the motion, and requested they submit orders. However, the final order submitted by Nitrotec’s counsel and entered in this ease grants the motion to dismiss based on forum non conveniens and provides that an adequate alternate forum exists in the Bahamas, that the Bahamas has jurisdiction over all the parties, that the court has considered all the relevant private and public interest factors, and that Daviran can reinstitute suit in the Bahamas without inconvenience or prejudice.
This court has previously addressed the issue of a trial court adopting a proposed judgment verbatim in Flint v. Fortson, 744 So.2d 1217 (Fla. 4th DCA 1999). In Flint, this court acknowledged the desirability of judges preparing their own judgments, but recognized the practical justification for judges utilizing submissions from counsel. The court noted that “what is critical for a reviewing court is that a final judgment reflect the trial judge’s independent decision on the issues of the case.” Id. at 1220. The court concluded that although there is a split of opinion on the issue, reversal has only been granted when the signed judgment is inconsistent with prior pronouncements of the judge. Id.
We recognize that this case is distinguishable from Flint in that there was no *1216 oral pronouncement made by the court on the record at the conclusion of the hearing. In fact, after hearing argument, the judge’s only comment was “Okay. I will need quite a bit of time on this. Couple of weeks. I will get to it as soon as I can. I am a bit back logged. Hopefully we will get to it soon.” Thus, there is no oral pronouncement per se with which the order entered could contradict. However, none of the parties dispute that the judge’s assistant contacted them and advised them that the judge was going to defer ruling on the motion pending the Bahamian court’s decision to exercise jurisdiction [1] The order entered does not defer ruling. Rather, it unequivocally grants the motion to dismiss. Interestingly, in defending the court’s entry of their proposed order, Matheson refers to the instructions of the judge’s assistant and claims that:
following the verbal instruction verbatim would have resulted in an order without effect. The reason is that the verbal instructions were for an order deferring ruling on the Motion until the Bahamian court determined if it would accept jurisdiction. However, the Order did not actually require the Appellants to attempt to obtain jurisdiction in the Bahamas.
This comment supports the conclusion that Matheson was not content with the instructions given by the trial court, and supported entry of an order dismissing the complaint. Matheson also points to the amount of time the court took to make a decision on the motion and asserts that such time is evidence that the court considered all the issues contained in the final order. This assertion is contradicted by the record, where the court explained the likelihood of a delay in light of being “a bit back logged.”
As this court ruled in Flint, and has since applied in Damiani v. Damiani, 885 So.2d 1168 (Fla. 4th DCA 2002), when a final order is inconsistent with the court’s prior ruling, reversal is warranted. This principle should not be limited to inconsistencies between an order and pronouncements made by the court on the record. Perhaps a more difficult question would be presented if the parties disputed the trial court’s decision. However, that is not the case here. Because the motion is inconsistent with the court’s pronouncement it must be reversed.
REVERSED.
STEVENSON, J., concurs.
KLEIN, J., concurs specially with opinion.

. We note that at oral argument before this court, in what appeared to be the first time such a position was taken, counsel for the appellee questioned what was actually said by the judicial assistant. However, in briefs submitted to this court, there was no question of what the parties were advised. Further, counsel for appellee Nitrotec represented at oral argument that he had no idea who the judge’s judicial assistant spoke to at appellant’s attorney's office, and it may have been a secretary she spoke to at appellee’s attorney’s office.